IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT GREY,**

                **Plaintiff,**

      v.                                        **CASE NO. 18-3093-SAC**

**WARDEN SHANNON MEYER,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C.§ 2254. Proceeding pro se, petitioner challenges his 2012 conviction of rape. For the reasons that follow, the court denies relief.

### Procedural background

Petitioner was convicted in 2008 of a rape that occurred in 1997. The Kansas Court of Appeals (KCOA) reversed the conviction and ordered a new trial. *State v. Grey*, 268 P.3d 1218 (Kan. App. 2012). Petitioner again was convicted in the second trial and sentenced to a term of 300 months. The conviction was affirmed on appeal. *State v. Grey*, 367 P.3d 1284, 2016 WL 1169398 (Kan. App. 2016), *rev. denied* April 26, 2017.

### Factual background

The KCOA summarized the relevant facts as follows:

> In May 1997, L.L. and her boyfriend returned to college in Lawrence after spending the evening out of town. Because they had transported some of L.L.'s belongings to a friend's home, they drove separately. When L.L. exited her car at her residence hall, a man with a gun appeared and forced

her into the passenger seat. The man drove L.L. to an empty parking lot near the high school. He forced L.L. out of the car and into a secluded area. He instructed L.L. to remove her pants and kneel down on the ground. He penetrated her digitally with a gloved hand before demanding she turn over onto her back. He then pulled her shirt over her head and raped her until he ejaculated. Afterward, he and L.L. returned to the car. He drove a short distance, parked, and left her alone in the vehicle. The man wore a mask for part of the attack; L.L. described him as slender, white, about her height, with dark hair and a mustache.

L.L.'s boyfriend spotted L.L.'s car driving away while she sat "kind of huddled" in the passenger seat. He called the police. He described the driver as a white man with a goatee who looked to be about 25 years old and about 6 feet tall.

L.L. told the investigating officer her assailant appeared to be between 5-foot-7 and 5-foot-9 with a full beard and mustache. She estimated his age at around 30 years old. A few days after the assault, she assisted the police department in completing a composite sketch of her attacker. At that time, she described her assailant in much the same way: a white male in his mid-to-late twenties with a slender build, dark hair, a mustache, and facial hair.

L.L. submitted to a sexual assault examination, where medical professionals collected evidence from her body, including her assailant's DNA. Officers also processed L.L.'s car for evidence, collecting latent finger and palm prints. A technician at the Kansas Bureau of Investigation (KBI) searched unsuccessfully for matches to the unknown fingerprints. However, after the KBI's database was updated in 2007, the system returned a match on one of the unidentified prints from L.L.'s car. The fingerprint belonged to Grey.

Based in part on the fingerprint match, police received a search warrant for Grey's DNA. Grey's DNA was a "very, very strong match" to L.L.'s assailant, and the State charged Grey with rape. At trial, Grey claimed that the night before the alleged rape, he and L.L., who was a stranger to him, met at a local bar and engaged in unprotected consensual sex in the front seat of his car. According to Grey, a very angry man, possibly L.L.'s boyfriend, drove up to him and L.L. after their sexual encounter. Grey and the man exchanged words before the man drove off. Grey also testified that, in May 1997, his employer required facial hair be limited to a "neatly trimmed" mustache.

> Important to Grey's defense was testimony about the motility, or movement, of the sperm collected from L.L. Specifically, a medical technologist testified that the sperm was nonmotile, and Grey's expert witness, Dr. Merle Hodges, explained that this lack of motility indicated that the sperm had likely been in L.L.'s vagina for no less than 4 hours and possibly as long as 12 hours, a much longer period than the 3 hours between her assault and the exam. Hodges also testified regarding the lack of trauma to L.L.'s genitals. However, the State called rebuttal witnesses, including Dr. Michael Weaver, to contradict Hodges' testimony concerning the sperm motility.
>
> The jury returned a guilty verdict. Prior to sentencing, Grey filed a motion for a new trial alleging various due process violations. The district court denied the motion and sentenced Grey to 300 months' imprisonment. Grey timely appealed.

*State v. Grey*, 367 P.3d 1284, 2016 WL 1169398, *1-2 (Kan. Ct. App. 2016).

## Claims for relief

Petitioner seeks habeas corpus relief on three grounds: (1) the trial court erred in admitting unreliable DNA, because the conclusory statements of a police officer were the basis for the search warrant; (2) the trial court erred in failing to require reciprocal discovery; and (3) the trial court erred in admitting a recorded interview that contained improper burden-shifting comments by police.

## Standard of review

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). In this context, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted).

The Court presumes the correctness of the fact-finding by the state court unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance").

These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

A habeas petitioner generally must exhaust available state court remedies before seeking federal habeas relief. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The presentation of a claim "requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). A federal court can excuse exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The procedural default doctrine provides an additional limit to review in habeas corpus cases. A federal habeas corpus may not review "federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule" – unless the prisoner demonstrates either cause for the procedural default and resulting prejudice or that the failure of the federal court to review the claim will result in a fundamental miscarriage of justice. *Davila v. Davis*, 137 S.Ct. 2058, 2064-65 (2017); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Likewise, where a petitioner fails to present a claim in the state courts, and would now be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar which prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). As in the case of other procedurally defaulted claims, a petitioner's unexhausted claims barred by anticipatory procedural default cannot be considered in habeas corpus unless he establishes cause and prejudice for his

default of state court remedies or a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

**Analysis**

**Ground 1: admission of DNA evidence**

Petitioner claims that DNA evidence collected from him by law enforcement under a search warrant was improperly admitted. Before trial, petitioner sought to exclude the evidence on the ground that the affidavit supporting the warrant had "material omissions" and "impermissible conclusory statements". *Grey*, 2016 WL 1169398, at *2. Petitioner specifically pointed to an error in the information on how many fingerprints identified as his were found and to conclusions concerning the resemblance between the composite sketch developed during the initial investigation and a photograph of petitioner.

The affidavit supporting the search warrant stated that (1) the victim identified her assailant as a white male between 5'7" and 5'9", having a thin build, dark brown matted hair, a beard and mustache; (2) four of the fingerprints collected from the victim's car were entered into the KBI's database; these four returned no matches, and two fingerprints remained in the unidentified fingerprint files. Nearly 10 years after the crime, the two unidentified prints were matched to petitioner; (3) Detective Hanson of the Lawrence Police Department compared the composite sketch to several driver's license photographs of the petitioner and found a strong resemblance to his 2004 photo; and (4) petitioner's biographical evidence matched the victim's description of her assailant. *Grey, id*.

The trial court held an evidentiary hearing on petitioner's motion to suppress and received testimony from the KBI's fingerprint analyst and Detective Hanson. The analyst testified that the two fingerprints identified in the KBI database were two separate lifts

of the same fingerprint rather than lifts of two fingerprints. These fingerprints were analyzed separately because they were lifted separately. Detective Hanson testified that he did not attach the composite sketch or the photograph from petitioner's driver's license to the search warrant application.

The trial court denied the motion to suppress. It found that the error concerning the number of fingerprints matched to petitioner was not material or deliberate, and it found that Detective Hanson conducted a careful review of the composite and petitioner's photographs.

On appeal, the Kansas Court of Appeals (KCOA), citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978), reviewed the challenge to the search warrant to evaluate whether the supporting affidavit created a "substantial basis to determine that there was a fair probability that evidence will be found in the place to be searched." *Grey*, 2016 WL 1169398, at *3.

Rejecting petitioner's argument that the knowledge of the KBI analyst that the two fingerprints were, in fact, two lifts of the same print was imputed to Detective Hanson, the KCOA found that the KBI analyst neither intentionally or dishonestly misrepresented the fingerprint matches nor directed Detective Hanson in preparing the affidavit. The KCOA also rejected the claim that Detective Hanson deliberately failed to explain where the fingerprint was collected, citing his testimony at the evidentiary hearing that at the time he prepared the search warrant affidavit, he knew that the victim's car

was searched on both the interior and exterior but did not know where the fingerprint was lifted. *Grey*, 2016 WL 1169498, at *5.

Likewise, the KCOA rejected petitioner's argument that Detective Hanson's comparison between the composite sketch and his driver's license photographs provided only "unsupported, conclusory statements" that were insufficient to support probable cause. The KCOA observed that Detective Hanson had a description of the rapist provided by the victim, that he compared the composite to multiple photos of petitioner, and that he specifically identified the photo that supported his belief that petitioner was the perpetrator. The KCOA concluded on these facts that Detective Hanson's conclusion was based upon "first hand observations about [petitioner's] appearance and biography" and were sufficient to support the finding of probable cause. *Grey*, 2016 WL 1169398, at *6.

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494.

In this case, petitioner's counsel presented a challenge to the DNA collected from him under the search warrant, and the trial court conducted an evidentiary hearing and issued a ruling on that matter. Petitioner also presented the claim in his direct appeal, and the KCOA examined the issue thoroughly. This court finds petitioner was

provided the "opportunity for full and fair litigation" contemplated by the *Stone* holding and concludes that he is not entitled to additional review in habeas corpus.

In a related argument, petitioner challenges the admission of the DNA evidence against him on the ground that the DNA was unreliable. Petitioner did not present this argument in the state courts. At trial, he did not contest that semen collected from the victim was his, arguing instead that he and the victim had had consensual contact on the evening prior to the assault reported by the victim. On appeal, although petitioner challenged the search warrant due to alleged deficiencies in the supporting affidavit, he did not challenge the reliability of the DNA itself as a separate ground.

Because petitioner did not present this claim in the state courts, it is unexhausted and, because petitioner cannot return to the state courts to present it in a timely manner, it is procedurally defaulted. As explained, to overcome a procedural default, petitioner must establish cause and prejudice or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750.

Petitioner did not file a traverse in this action, and he has offered no grounds for excusing his procedural default. The court concludes the claim that the DNA evidence was unreliable is procedurally defaulted and review is barred.

**Ground 2: Due process violation arising from a failure to provide for reciprocal discovery**

Petitioner's second claim alleges a violation of his right to due process caused by a failure to require reciprocal discovery. He claims the prosecution was allowed to receive specific discovery concerning his expert witness before trial, which gave the State an advantage and prevented petitioner from challenging the reliability of the prosecution expert under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Petitioner is not entitled to relief on this claim. First, as respondent argues, petitioner did not present this claim in the state courts. Instead, he challenged the constitutionality of the procedure for expert witness discovery in K.S.A. 2013 Supp. 22-3212(c)(2), which does not require the State to provide reciprocal information concerning a prosecution rebuttal expert witness. However, both the trial court and the KCOA determined that petitioner's own expert witness was a rebuttal witness who fell outside the requirements of the statute. The KCOA found that, as a result, petitioner did not suffer adverse consequences by operation of the statute cited by him, and that, to the extent he voluntarily complied with it, any error was invited error which he could not challenge on appeal. *Grey*, 2016 WL 1169398, \*\*8-9 (Kan. App. 2016).

It is settled that "federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence." *Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001). Therefore, any challenge to the state courts' interpretation of the applicability of the state statute to petitioner is not grounds for

relief. Likewise, the Tenth Circuit has stated that *Daubert* is not relevant in a habeas action brought under § 2254, as it does not establish constitutional guidelines but instead interprets the Federal Rules of Evidence. *Mann v. Aldridge*, 770 F. App'x 931, 933 (10th Cir. 2019)(citing *Wilson v. Sirmons,* 536 F.3d 1064, 1101-02 (10th Cir. 2008)). "Absent a showing that the admission of the evidence violated a specific constitutional guarantee, a federal [habeas] court ... will not disturb the ... evidentiary ruling unless it was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Wilson*, *id*.

Having considered the record, the court finds no grounds to support petitioner's claim. Both the trial court and the KCOA carefully and reasonably evaluated the petitioner's arguments concerning the state statute, and the record does not show that petitioner was denied fundamental fairness by the evidentiary rulings.

**Ground 3: Denial of due process by burden shifting**

Petitioner claims he was denied due process by the introduction at trial of statements in a recorded police interview in which Detective Hanson questioned him. He alleges the failure to redact portions of the interview violated his rights by allowing the jury to hear comments that shifted the burden of proof.

Prior to trial, the district court granted some of petitioner's requests to redact the video but denied others. At trial, petitioner's

counsel did not object when the prosecution moved to admit the interview during Detective Hanson's testimony. Instead, counsel requested a limiting instruction. On the next day, after Detective Hanson finished his testimony, defense counsel renewed the pretrial objection to the interview. The district court overruled the objection.

On appeal, the KCOA cited K.S.A. 60-404, which requires a contemporaneous objection to the admission of evidence. It held that petitioner's pretrial objection was insufficient to preserve the objection for appeal, nor did petitioner's objection after the interview was shown to the jury satisfy the contemporaneous objection requirement and preserve the claim for appeal.

The KCOA also conducted a brief review on the merits and determined that the district court had not committed error. The KCOA determined that the statements of Detective Hanson in the video did not explicitly challenge petitioner's credibility but instead encouraged him to talk and to explain inconsistencies in his statements[1]. Next, while Kansas case law clearly establishes that a prosecutor cannot misstate the burden of proof or attempt to shift it, petitioner identified no case law that found such statements introduced in a recorded police interview operate to illegally shift the burden. Finally, the KCOA noted that the district court had properly instructed the jury on the burden of proof, and that juries

---

[1] During the police interview, petitioner first stated that he did not know the victim and then stated he could not remember her name or any contact with her. Police then confronted with the DNA evidence. R. Vol. 33, pp. 1090-91, 1093-99. At trial, he testified that he remembered the victim when he saw her at a pre-trial hearing, and his defense was that the two had consensual intercourse.

are presumed to follow instructions given by the court. *Grey*, 2016 WL 1169398, at \*\*11-12.

Here, petitioner's claim is procedurally defaulted due to his failure to make a contemporaneous objection. Petitioner has not shown cause and prejudice, nor has he demonstrated that a fundamental miscarriage of justice will occur if this claim is not considered. The court concludes that review of this issue is barred and agrees that the questioning presented in the recorded police interview did not deny petitioner a fair trial. Petitioner is not entitled to relief on this claim.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

The court has carefully considered the record and petitioner's claims of error and concludes both that he is not entitled to relief and that he has not made a substantial showing that his constitutional rights were violated in the criminal proceeding against him. No certificate of appealability will issue.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 13th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge